IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MONTLICK & ASSOCIATES, PC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE NO. |
| | ) | _____ |
| EXCLUSIVE LEGAL MARKETING, | ) | |
| INC., and CODY BRYANT, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## **COMPLAINT**

Plaintiff Montlick & Associates, PC ("Montlick") files this Complaint against Defendants Exclusive Legal Marketing, Inc. ("ELM") and Cody Bryant ("Bryant") (collectively "Defendants"), and shows this Court as follows:

### I.   **INTRODUCTION**

1.     This is an action by Montlick for trademark infringement, false advertising, deceptive trade practices, and unfair competition.  Defendants are engaged in a scheme of deceptive and misleading advertising and other conduct in which they are pretending to be a Georgia law firm, and misappropriating the goodwill and reputation of Montlick and its MONTLICK trademarks to confuse

and deceptively induce client prospects seeking to contact Montlick into contacting ELM's lawyer referral service operated through www.personalinjurycare.net instead, so that ELM can intercept and steal these prospects by referring them to other lawyers for a fee.

2.      As explained herein, Defendants' deceptive scheme includes the following elements:

a.      ELM purchases Montlick's trademarks as search engine advertising keywords used to trigger online advertisements for personalinjurycare.net;

b.      As a result, when potential clients trying to contact Montlick do a Google search for Montlick from their mobile phones or computers, the search results include an online advertisement for ELM's www.personalinjurycare.net website and phone number;

c.      The headings and statements in ELM's resulting online ads for personalinjurycare.net falsely represent that the ad is for a personal injury law firm such as Montlick, through statements such as, "Georgia Car Injury Attorneys," "Georgia Personal Attorney Firm," and "Let Our Lawyers Fight For You;"

d.      These online ads for personalinjurycare.net do not identify any lawyer or law firm, or even ELM, as the source of the ad, and thus leave consumers unable to discern its source or to determine that it is not an ad for Montlick;

e.      Recently, Google searches for Montlick have occasionally generated an online ad for personalinjurycare.net that includes the "Montlick & Associates" trademark in the ad caption, thereby expressly misrepresenting that Montlick is the source of the ad, as illustrated below:



f.      The personalinjurycare.net online ads displayed on mobile phones
include a one-touch call button, as shown above, that automatically connects
the user by phone to a call center operated by ELM;

g.      Those phone calls are answered by ELM intake personnel who
intentionally do not identify the name of any lawyer or law firm when they
answer the phone, but instead answer with a generic greeting such as
"personal injury office," so as to continue the ruse of misrepresenting ELM
as a law firm and having the caller believe that he or she has contacted
Montlick;

h.      After gathering information about the caller's accident and injuries,
ELM's intake personnel send client contracts to these prospective clients by
text messages shown as coming from "personalinjurycare.net" as opposed to
any lawyer or law firm, and ask the prospects to e-sign the contract by
clicking on the signature block on their phones;

i.    The proposed contracts that are sent do not identify the law firm names on the front page of the attachment or in any prominent place or manner, but only in the fine print of the contract terms themselves.

3.    In this manner, Defendants are using Montlick's trademarks to trigger misleading advertisements for personalinjurycare.net, with the intent and effect of confusing and misdirecting prospective clients looking for Montlick into inadvertently contacting ELM's call center, and with the further intent of then deceptively seeking to induce them into engaging other personal injury firms to whom ELM refers cases for a fee.

4.    Defendants' conduct is likely to cause confusion, mistake or deception of the public as to the source or origin of ELM's online ads and services, and as to the affiliation, connection, or association of personalinjurycare.net with Montlick or of Montlick with personalinjurycare.net; has caused actual confusion of the public; and is an intentional and unlawful attempt by Defendants to misuse Montlick's well-established goodwill and reputation to deceptively divert potential clients to ELM, and through ELM to competing personal injury law firms.

5.    ELM's ads for personalinjurycare.net and the personalinjurycare.net website falsely and misleadingly represent that personalinjurycare.net is a law firm or is operated by a lawyer or law firm, in a further deceptive attempt to mislead

consumers into contacting personalinjurycare.net and diverting them from Montlick and other personal injury firms.

6.      This Complaint asserts claims for: trademark infringement in violation of Section 32(a)(1) of the federal Lanham Act, 15 U.S.C. § 1114(a)(1) (Count I); federal unfair competition and false designation of origin in violation of Section 43(a) of the federal Lanham Act, 15 U.S.C. § 1125(a) (Count II); false or misleading advertising in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) (Count III), violation of the Georgia Uniform Deceptive Trade Practices Act, O.C.G.A. §§ 10-1-370 *et. seq.* (Count IV); and for trademark infringement and unfair competition under the common law of Georgia (Count V).

## II.    PARTIES, JURISDICTION AND VENUE

7.      Montlick is a Georgia professional corporation organized and existing under the laws of the State of Georgia, with its principal place of business at 17 Executive Park Drive, Suite 300, Atlanta, Georgia 30329.

8.      Defendant ELM is a Texas corporation, with its principal place of business at 5681 Granite Parkway, #890, Plano, Texas 75024.  ELM can be served with process through its registered agent, Cody Bryant, at that address.

9.      Cody Bryant is the CEO and, upon information and belief, the primary shareholder of ELM, who controls the actions of ELM and has directed

the conduct of ELM referenced in this Complaint. Mr. Bryant can be served with process at the address of ELM, or at his home address of 2134 Sleepy Hollow Trail, Frisco, Texas 75033.

10. This Court has subject matter jurisdiction under 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(a) and (b). This Court has supplemental jurisdiction over the state statutory and common law claims under 28 U.S.C. § 1338(b) and § 1367(a).

11. Venue is proper in this District under 28 U.S.C. § 1391.

## II. FACTS COMMON TO ALL ACCOUNTS

### A. Montlick and its Law Practice and Trademarks, and the Goodwill It Has Developed in the Marketplace

12. Montlick is a well-established, successful law firm located in Atlanta, Georgia, focusing its practice on the representation of injured persons and their families.

13. Montlick's CEO, David Montlick, founded the firm in 1984 with two specific goals in mind: (a) to create the most service-oriented personal injury law firm in Georgia; and (b) to use that success to give back to the community in a meaningful way.

14.    Since its inception more than thirty years ago, Montlick has successfully handled tens of thousands of personal injury cases and has built a reputation of providing high quality, professional legal representation to injured persons and their families in the Atlanta metropolitan area and the state of Georgia.

15.    Since at least 1996, Montlick has consistently and continuously used the service marks MONTLICK & ASSOCIATES (the "MONTLICK & ASSOCIATES Mark") and MONTLICK (the "MONTLICK Mark") (collectively the "MONTLICK Marks") to identify, market, advertise, and promote its law firm and the legal services that it provides.

16.    Montlick has obtained incontestable federal service mark registrations for both the MONTLICK & ASSOCIATES Mark, Registration No. 2658511, and the MONTLICK Mark, Registration No. 3957785, for legal services.  Printouts from the U.S. Trademark Office website reflecting these registrations are attached hereto as Exhibit "A."  These registrations are valid, in full force and effect, and constitute evidence of Montlick's exclusive rights to use the MONTLICK Marks in commerce nationwide for legal services.

17.    Montlick engages in extensive advertising and promotion of its legal services and public service programs.

18.     Montlick spends over $10 million a year on advertising and marketing campaigns that include television advertising, extensive public service and community service programs and announcements, informational television news segments, informational videos, outdoor billboards, its website, social media sites, and search engine and other Internet advertising, all featuring the MONTLICK Marks.

19.     Montlick's television commercials run on a daily basis across the state of Georgia, including the leading TV stations and cable networks in Atlanta, Albany, Columbus, Macon, and on cable networks in Augusta.  Montlick runs over 100,000 television commercials a year in Georgia.

20.     Montlick's television commercials reach 87% of the Atlanta DMA (Designated Market Area) in any given week, so that over four million adult viewers a week see the commercials.   Over a 13 week period, Montlick's cumulative reach is 98% of the Atlanta DMA market, representing over 4.8 million adults.

21.     Montlick consistently advertises on outdoor billboards in the Atlanta metropolitan area and throughout the state of Georgia.   In addition to firm advertising, the firm uses billboards for its driver safety public service messages, such as  "Don't Text and Drive", "Don't Drink & Drive", "Buckle Up" and Child

8

Passenger Safety campaigns, and to promote its ongoing community service programs such as supporting our troops and their families, supporting our schools, and helping to stop bullying.

22.   Montlick also advertises and provides information about its legal services, and its community and public service programs, on its website located at www.montlick.com.  Over 180,000 people visited Montlick's website during 2016.

23.   Montlick does an extensive amount of Internet advertising, including keyword search engine advertising to drive Internet traffic to its website.  (All of Montlick's search engine advertising contains the MONTLICK & ASSOCIATES Mark so as to identify Montlick as the source of the ads.)  Montlick also provides advertising and information about its services and public service programs through social media sites including Facebook (https://www.facebook.com/montlicklaw) and Google Plus (https://plus.google.com/+MontlickLaw).

24.   Montlick also has a long history of sponsoring, organizing and providing many unique community and public service programs and events in Georgia under the MONTLICK Marks, for which it has won a number of awards. Montlick sponsors and/or organizes over 15 active community and public service programs and events each year, which are concentrated in three main areas: (1)

Family Safety & Injury Prevention, (2) Paying Tribute to Georgia's Military, and (3) Recognizing Excellence in Georgia Schools.

25.    For example, for the last seven years Montlick has partnered with Atlanta's WSB-TV Channel 2 to produce and televise weekly "Daily 2" segments covering family safety tips, legal tips, and information relating to the firm's other public service programs and events.  These are two-minute weekly segments seen on the ABC noon news, typically every Monday or Tuesday, in which a Montlick family safety advocate, director of community affairs, and/or special guests presents a new topic each week ranging from automobile safety, family and child safety, home safety, and legal tips.

26.    Other examples of Montick's community and public service programs include Montlick's Most Deserving Military Contest, Fallen Heroes of Georgia 5K Run, Don't Text & Drive Campaign, Don't Drink & Drive Campaign (now it its 32nd year), a bullying prevention program, and recognizing exceptional teachers.  These programs typically are publicized through television media, billboards, news segments, and the internet.

27.    Montlick has received extensive recognition and awards for its community and public service programs, include Georgia House of Representatives' Resolution 394 that recognized the firm for 30 years of legal and

community service; The Georgia Secretary of State recognizing Montlick & Associates as an Outstanding Georgia Business; Safe America Foundation 2014 WorldSafe Community Award Winner for 30 years commitment to family safety, injury prevention and supporting our troops; named the Most Patriotic Business of 2011 by the Atlanta Chapter of the Association of the United States Army; and the Georgia Traffic Injury Prevention Institute 2013 Buckle Up America Award.

28.    As a result of its longstanding and exclusive use and extensive advertising and promotion of the MONTLICK Marks, Montlick has developed substantial goodwill and reputation in the Marks.

29.    The public associates the MONTLICK Marks exclusively with Montlick and with the legal services and community and public service programs provided and sponsored by Montlick.

B.    **ELM, and Its Scheme of Deceptive and Misleading Conduct Intended to Deceptively Induce Client Prospects Seeking to Contact Montlick Into Contacting ELM to be Referred to Other Lawyers.**

30.    ELM claims to be a "marketing agency" for attorneys that provides lawyers and law firms with services in the areas of website development, pay per click advertising, search engine optimization, and call center operations.

31.    ELM is the registrant and/or beneficial owner of the domain name <personalinjurycare.net>, and has created and operates a lawyer referral website

11

located at www.personalinjurycare.net, and at a call center associated with that site, through which ELM solicits cases across the nation and refers personal injury cases to lawyers (including in Georgia) with whom ELM has referral agreements.

32.     ELM is paid for referring cases through personalinjurycare.net to the lawyers with whom it has referral agreements.

33.     ELM and Bryant are collectively engaged in a scheme and pattern of false, deceptive, and misleading conduct intended to free ride and trade on the goodwill and reputation of Montlick and the MONTLICK Marks, and to deceptively induce client prospects seeking to contact Montlick into contacting personalinjurycare.net and engaging lawyers referred through that site instead.

34.     As the starting part of this scheme, ELM purchases the MONTLICK Marks as search engine advertising keywords used to trigger sponsored online advertisements for personalinjurycare.net through Google's AdWords program.

35.     As a result, Google searches for "Montlick" and "Montlick & Associates," and similar variations (e.g., "Montlick Associates"), on mobile phones and computers result in search results that virtually always include an online advertisement for personalinjurycare.net as the first or second search result.

36.     Although ELM is not a law firm and Bryant is not a lawyer, these online ads generated by Google searches for Montlick misrepresent that

personalinjurycare.net is a Georgia law firm or is operated by a Georgia lawyer or law firm – like Montlick - by including in the heading and/or body of the ads statements such as "Georgia Car Injury Attorneys," "Georgia Personal Attorney Firm," and "Let Our Lawyers Fight For You," such as in the following examples:



These and other examples of online ads for personalinjurycare.net triggered by searches for MONTLICK Marks, or variations thereof, are attached hereto as Exhibit "B."

37.     As illustrated above, Defendants' online ads do not identify any lawyer or law firm, or even ELM, as the source of the ad, and thus leave consumers unable to discern its source.   Since the consumer has searched for Montlick, it is reasonable, if not inevitable, that he or she will believe that personalinjurycare.net is associated with Montlick, and that the ad contains Montlick's phone number.   This is especially true in today's fast paced modern world, where people frequently use voice recognition (such as Siri) on their mobile phones to search for phone numbers on Google, and are also moving very quickly.

38.     Recently, Google searches for Montlick have also occasionally generated an online ad for personalinjurycare.net that includes the MONTLICK & ASSOCIATES Mark as the first words in the ad caption, thereby expressly misrepresenting that Montlick is the source of the ad, as illustrated below:



(See Exhibit "C" hereto.)

39.     As also illustrated by all of the ad results displayed above, the personalinjurycare.net online ads displayed on mobile phones include a one-touch call button that reads "Call (888) 824-1151." Pushing that button on the search result automatically connects the user by phone to a call center operated by ELM.

40.     These calls are answered by ELM intake personnel who intentionally do not identify the name of any firm or lawyer when they answer the phone, and instead answer with a generic greeting such as "personal injury office."   This continues the ruse of deceiving people into believing that they are speaking with a law firm, and that they have contacted Montlick.

41.     If the person who searched Google for Montlick on his or her cell phone pushes the caption of the personalinjurycare.net advertisement instead of the link to the ELM phone number, they are diverted to the home page of the mobile version of the personalinjurycare.net website.  The top of that home page includes two large one-touch call buttons stating "888-824-1151 Click to call," as is illustrated below.  Pushing either link also automatically connects the user by phone to the personalinjurycare.net call center, which is answered in the same manner.



(See Exhibit "D" hereto).

42.     Once a consumer trying to reach Montlick is misleadingly diverted into calling personalinjurycare.net, the ELM intake person at the call center goes out of his or her way to avoid mentioning the name of any lawyer or firm while

they gather information about the consumer's accident or injury and where the consumer lives.  Only after that will the intake person sometimes identify that they are working on behalf of a firm such as Monge & Associates, which is an Atlanta based personal injury firm which is a competitor of Montlick to whom personalinjurycare.net refers Georgia cases.

43.    After speaking with prospective clients on the phone, the intake personnel at personalinjurycare.net send client contracts to those prospects by text messages shown as coming from "personalinjurycare.net" that do not identify any firm or lawyer name in the text, and ask the prospects to accept and e-sign the contract by clicking on the signature block on their phones.

44.    Furthermore, the proposed contracts that are sent do not identify the law firm name on the first page of the attachment to the text message or in any prominent place or manner, but only in the fine print of the contract terms themselves.  Given the inherent difficulty in reviewing a document like a contract on a cell phone, the failure to prominently identify a law firm name in the text or contract itself contributes to the deception to the consumer.

45.    In this manner, Defendants seek to wrongfully induce prospective clients trying to reach Montlick into engaging Monge & Associates, or other

Georgia firms to whom ELM refers cases, without clearly identifying the firm which is being engaged.

46.     In addition, ELM has permitted firms to whom it refers cases, such as Monge & Associates, to use the personalinjurycare.net text message and e-sign platform to send contracts to potential clients for e-signature in the same manner described above and with contracts that do not clearly or conspicuously identify the firm which is being engaged.  Attached hereto as Exhibit "E" is a text message and contract sent by Monge & Associates to a prospective client using ELM's personalinjurycare.net text message and e-sign platform.

47.     Montlick is aware of multiple instances of actual confusion of the public resulting from this practice, in which potential clients signed or nearly signed contracts to be represented by Monge & Associates transmitted over ELM's personalinjurycare.net text message platform, thinking that they were retaining Montlick.

48.     In short, Defendants are purchasing and using Montlick's well-known MONTLICK Marks as Google search engine advertising keywords, and using them to display misleading advertisements for personalinjurycare.net, with the intent and effect of confusing and misdirecting prospective clients looking for Montlick into inadvertently contacting ELM's call center, and with the further

intent of deceptively referring them to other Georgia law firms such as Monge & Associates, for which ELM is paid referral fees.

49.    Defendants' deceptive scheme is intended to take advantage of Montlick's extensive advertising investment, to free ride on the goodwill and reputation of Montlick and the MONTLICK Marks, and to cause confusion that will lure consumers to personalinjurycare.net and to ELM's call center when they search for and try to call Montlick.

50.    Defendants' scheme and conduct is not only likely to deceive and cause confusion of the public, it is intended to cause and has caused actual confusion of and deception of the public.

51.    Montlick is not the only personal injury law firm in Georgia or the Southeast which is being targeted by these unlawful actions by Defendants.  ELM also is buying and using the names of many other lawyers and law firms in Georgia and across the country as Google search engine advertising keywords, and using them in the same misleading and deceptive way to trigger misleading online ads for personalinjurycare.net with the intent and purpose of deceptively diverting potential clients to ELM, and through ELM to competing personal injury law firms for which ELM is paid referral fees.  Attached hereto as Exhibit "F" are misleading

online ads for personalinjurycare.net that were triggered by Google searches for other Georgia personal injury law firms.

52.    For some of these other firms, ELM sometimes brazenly includes the firm name within the heading of the online ad for personalinjurycare.net, in the form of "[firm name] – Right Lawyer For You?".

53.    For some of these other firms, ELM even has created web pages within the personalinjurycare.net website that make blatant and unauthorized use of the firm's name, in an intentional and improper attempt to siphon persons searching for these firms on the Internet to personalinjurycare.net.  For an example, see Exhibit "G" hereto.

54.    In    addition,    and    as    mentioned    above,    ELM's    ads    for personalinjurycare.net, and the personalinjurycare.net website itself, falsely and misleadingly represent that personalinjurycare.net is a law firm or is operated by a lawyer or law firm, in a further deceptive attempt to mislead consumers into contacting personalinjurycare.net and diverting them from Montlick and other personal injury firms.

55.    For example, Defendants display misleading online ads for personalinjurycare.net in response to Google searches on generic terms such as "Atlanta Personal Injury Lawyer" or "Accident Lawyer Atlanta, which ads falsely

misrepresent that personalinjurycare.net is a Georgia law firm or operated by a Georgia lawyer or law firm.  Attached hereto as Exhibit "H" are examples of these ads, which include captions such as "Law office – Personal Injury Attorney."  By this conduct, Defendants seek to deceptively induce persons looking for a Georgia personal injury lawyer into contacting ELM instead of Montlick (which also runs Internet search engine ads on generic terms such as these).

**C.    Montlick's Attempts to Resolve this Dispute Without Litigation.**

56.    On January 23, 2017, Montlick sent Defendants a cease and desist letter, demanding that they immediately cease and desist from their wrongful misleading and deceptive conduct designed to divert potential clients of Montlick to ELM, and through ELM to law firms to whom ELM refers cases.  (A true and correct copy of this letter is attached hereto as Exhibit "I").

57.    In response, a lawyer for Defendants sent a letter which failed to acknowledge, much less address, the misleading and deceptive aspects of Defendants' conduct.  (A copy of this letter is attached hereto as Exhibit "J.")

58.    As a result, Montlick sent another letter on March 21, 2017, giving Defendants a final opportunity to cease and desist from their conduct.  See Exhibit "K" hereto.

59.     As of the date of the filing of this Complaint, Defendants have failed and refused to cease their deceptive and misleading conduct, which continues unabated.

## COUNT I
### Federal Trademark Infringement (15 U.S.C. § 1114)

60.     Montlick incorporates herein and realleges the prior paragraphs of this Complaint, as if fully set forth herein.

61.     The aforesaid actions of Defendants in purchasing and using the MONTLICK Marks as search engine advertising keywords to display misleading advertisements and to misdirect and divert persons searching for Montlick to personalinjurycare.net, and ultimately to attorneys such as Monge & Associates, is likely to cause confusion (including but not limited to initial interest confusion), or to cause a mistake, or to deceive.

62.     Defendants' conduct constitutes infringement of Montlick's federally registered MONTLICK Marks, in violation of Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a).

63.     Defendants' conduct has caused and is continuing to cause not only a likelihood of confusion, mistake and deception, but has caused actual confusion of the public.

64.    Unless preliminarily and permanently enjoined, Defendants' conduct will continue to cause Montlick irreparable harm for which there exists no adequate remedy at law.

65.    Montlick is entitled to recover from Defendants all of ELM's profits from its improper conduct, in an amount to be proved at trial and to be trebled, pursuant to 15 U.S.C. § 1117.

66.    The actions of Defendants have been willful, deliberate, and undertaken in bad faith, with the intent of confusing, deceiving and misleading the public and of free-riding on Montlick's well-established goodwill and reputation.

67.    The Defendants actions amount to exceptional circumstances, justifying an award of attorneys' fees to Montlick pursuant to 15 U.S.C. § 1117.

## COUNT II
## Federal Unfair Competition and False Designatioin of Origin
## (15 U.S.C. § 1125(a))

68.    Montlick incorporates herein and realleges the prior paragraphs of the Complaint, as if fully set forth herein.

69.    The aforesaid deceptive and misleading scheme and pattern of conduct by Defendants in purchasing and using the MONTLICK Marks as search engine advertising keywords to display misleading advertisements and to misdirect and divert persons searching for Montlick to personalinjurycare.net, and ultimately

to attorneys such as Monge & Associates, is likely to cause confusion, mistake or deception as the source and origin of ELM, personalinjurycare.net, and/or their services; the affiliation, connection, or association of personalinjurycare.net with Montlick or vice-versa; and/or the origin, sponsorship and approval of ELM's services by Montlick or of ELM's or personalinjurycare.net's services by Montlick.

70.    Such use of MONTLICK Marks and related deceptive conduct by Defendants is also likely to cause initial interest confusion, such that Defendants are able to divert or lure potential clients away from Montlick to ELM and to lawyers to whom ELM refers cases.

71.    Such conduct amounts to unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

72.     Unless preliminarily and permanently enjoined, Defendants' conduct will continue to cause Montlick irreparable harm for which there exists no adequate remedy at law.

73.     Montlick is entitled to recover from Defendants ELM's profits from its improper conduct, in an amount to be proved at trial and to be trebled, pursuant to 15 U.S.C. § 1117.

74.     The actions of Defendants have been willful, deliberate, and undertaken in bad faith, with the intent of confusing, deceiving and misleading the public and of free-riding on Montlick's well-established goodwill and reputation.

75.     The actions of Defendants amount to exceptional circumstances, justifying an award of attorneys' fees to Montlick pursuant to 15 U.S.C. § 1117.

**COUNT III**
**False and Misleading Advertising**
**(15 U.S.C. § 1125(a))**

76.     Montlick incorporates herein and realleges the prior paragraphs of the Complaint, as if fully set forth herein.

77.     Defendants' commercial advertising for personalinjurycare.net, including its online advertising and its website, include false, misleading, or deceptive descriptions or representations of fact which misrepresent the nature, characteristics, or qualities of ELM's legal services and commercial activities, including misrepresenting that personalinjurycare.net is a law firm or operated by a lawyer or law firm.

78.     Defendants' conduct amounts to false, deceptive, and misleading advertising in violation of 15 U.S.C. § 1125(a).

79.     Defendants' actions have caused and will continue to cause irreparable injury to Montlick, unless preliminarily, and permanently enjoined.

80.     Montlick is entitled to recover from Defendants' ELM's profits from their improper conduct, in an amount to be proven at trial, and to be trebled, pursuant to 15 U.S.C. § 1117.

81.     The actions of Defendants have been willful and deliberate and amount to exceptional circumstances, justifying an award of attorneys fees to Montlick pursuant to 15 U.S.C. § 1117.

## COUNT IV
## Violations of Georgia Uniform Deceptive Trade Practices Act
## (O.C.G.A. § 10-1-373)

82.     Montlick repeats and realleges the prior allegations of the Complaint as fully set forth herein.

83.     Defendants' aforementioned conduct is likely to cause confusion, mistake, or deception as to the source, sponsorship or approval of personalinjurycare.net or its services, or as to the affiliation, connection, or association of Defendants or personalinjurycare.net with Montlick or of Montlick with Defendants and personalinjurycare.net.

84.     Defendants' ads and website for personalinjurycare.net are misleading and deceiving and create a likelihood of confusion or of misunderstanding among consumers.

85.     Defendants scheme and pattern of deceptive and misleading conduct constitute unfair and deceptive trade practices in violation of O.C.G.A. § 10-1-373.

86.     Defendants' actions have caused, and will continue to cause, irreparable harm to Montlick unless preliminary and permanently enjoined.

87.     Defendants committed the unlawful acts complained of herein willfully, knowing and intending such acts to be deceptive.

88.     Montlick is entitled to recover attorneys' fees and costs based on Defendants' unfair and deceptive trade practices, under O.C.G.A. § 10-1-373.

### COUNT V
### Common Law Trademark Infringement and Unfair Competition

89.     Montlick repeats and realleges the prior allegations of the Complaint as though fully set forth herein.

90.     Defendants' actions are likely to cause confusion, mistake or deception, and therefore infringe Montlick's MONTLICK Marks in violation of the common law of Georgia.

91.     Defendants' conduct as stated in this Complaint also constitute acts of unfair competition in violation of the common law of the State of Georgia.

92.     Defendants' actions have caused and, unless preliminarily and permanently enjoined by the Court, will continue to cause irreparable harm to Montlick and its business for which there is no adequate remedy at law.

93.    The actions of Defendants have been willful and deliberate and in conscious disregard of consequences, and entitle Montlick to punitive damages in an amount to be determined by the enlightened conscience of the jury.

94.    The actions of Defendants have been willful, deliberate, in bad faith and stubbornly litigious, justifying an award of attorneys' fees to Montlick pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, Montlick prays that the Court enter judgment as follows:

1.    In favor of Montlick and against Defendants on all of Montlick's claims;

2.    That ELM, Bryant, and their respective officers, agents, employees, attorneys, and those persons or entities in active concert or participation with them, be preliminary and permanently enjoined and restrained from:

a. All use of the MONTLICK Marks, or any variation thereof that includes the term "Montlick," in the headings, text, or body of any of Defendants' advertisements or websites, including but not limited to for personalinjurycare.net, for any other lawyer referral services with which Defendants are involved, and for any advertising services Defendants provide for other lawyers or law firms;

28

b.  All purchase and use of the MONTLICK Marks, or any variation thereof that includes the term "Montlick," as a search term advertising keyword used to generate sponsored advertising links for personalinjurycare.net (or for any other lawyer referral website or call center in which Defendants are involved) when people search the Internet, either from their desk top or a mobile device, for MONTLICK Marks or variations thereof;

c.  All other uses of the MONTLICK Marks, or any variation thereof that includes the term "Montlick," in a manner that is likely to cause confusion, mistake, or deception (including but not limited to use in connection with search engine advertising, or as a metatag or in any other manner to generate or optimize Internet search results that include personalinjurycare.net's website or phone number when Internet users search on MONTLICK Marks or variations thereof);

d.  Making any representations in commercial advertising (including in online ads or on its website) that suggest that personalinjurycare.net, or any other website or lawyer referral service operated by Defendants, is a law firm or is operated by a lawyer or law firm, and any such advertising

and websites should clearly indicate that the website or call center is operated by a lawyer referral service and not by a lawyer or law firm;

e. All solicitation of or communications with clients or prospective clients of Montlick, or of any other persons that ELM or others involved with personalinjurycare.net have reason to know may be trying to contact Montlick;

f. Failing to clearly and conspicuously identify the lawyers or law firms that personalinjurycare.net is working with or referring cases to in its communications with potential clients or other persons, including (a) during phone calls with potential clients; (b) on client contracts sent to potential clients; and (b) in text messages, emails, and other written communications sent to prospective clients; and

g. Ceasing any and all other conduct which has the intent or effect of causing a person seeking to contact Montlick to instead contact personalinjurycare.net, or of creating any other likelihood of confusion as to any affiliation with or relationship between Montlick and either personalinjurycare.net, Defendants, or any other person associated with or who is referred cases from personalinjurycare.net, and any and all

other false, deceptive, and misleading conduct directed towards Montlick or potential clients or other persons seeking to contact Montlick; and

h.  Doing any other act likely to induce the mistake and belief that personalinjurycare.net, or any other of Defendants' services or commercial activities (including services Defendants provide to other lawyers and law firms) are in any way affiliated, connected, or associated with Montlick or its services or commercial activities; and

3.     Ordering Defendants to file with the Court and to serve on Montlick, within 15 days after service of the Court's Order as herein prayed, a written report under oath setting forth in detail the manner and form in which Defendants have complied with the Court's injunction Order; and

4.     That Montlick have judgment against Defendants for any and all profits derived by ELM by reason of the acts hereinabove complained, and that the profits be trebled pursuant to 15 U.S.C. § 1117;

5.     That Montlick be awarded punitive damages;

6.     That Montlick have judgment against Defendants for its reasonable costs and attorneys fees pursuant to 15 U.S.C. § 1117(a), O.C.G.A. § 10-1-373, and O.C.G.A. § 13-6-11;

7.      That the Court grant such other, further and different relief as it deems

just and equitable; and

8.      That this action be tried before a jury.

Respectfully submitted this 17th day of April, 2016.

NELSON MULLINS RILEY &
SCARBOROUGH LLP

s/*Mark S. VanderBroek*
Mark S. VanderBroek
Georgia Bar No. 724440
Lucas A. Westby
Georgia Bar No. 594008
Atlantic Station / 201 17th Street, NW / Suite 1700
Atlanta, GA  30363
(404) 322-6000 (phone)
(404) 322-6050 (facsimile)
E-Mail: mark.vanderbroek@nelsonmullins.com
E-Mail: lucas.westby@nelsonmullins.com

John C. McElwaine*
South Carolina Bar No. 9580
Liberty Center, Suite 600
151 Meeting Street
Charleston, SC 29401
(843) 853-5200 (phone)
(843) 722-8700 (facsimile)
E-Mail: john.mcelwaine@nelsonmullins.com

*Pending pro hac vice admission*

Attorneys for Plaintiff Montlick & Associates, PC

## <u>LOCAL RULE 7.1(D) CERTIFICATION</u>

The undersigned counsel for Plaintiff Montlick & Associates, PC hereby certifies that the foregoing has been prepared with one of the font (Times New Roman) and point selections (14 pt) approved by the Court in Local Rule 5.1(B) and (C).

NELSON MULLINS RILEY &
SCARBOROUGH LLP

s/*Mark S. VanderBroek*
Mark S. VanderBroek
Georgia Bar No. 724440
Lucas A. Westby
Georgia Bar No. 594008
Atlantic Station / 201 17th Street, NW / Suite 1700
Atlanta, GA  30363
(404) 322-6000 (phone)
(404) 322-6050 (facsimile)
E-Mail: mark.vanderbroek@nelsonmullins.com
E-Mail: lucas.westby@nelsonmullins.com