# EXHIBIT "J"



| | | |
|---|---|---|
| 5626 Preston Oaks Road, 18D<br>Dallas, Texas 75254<br><br>P.O. Box 489<br>Addison, Texas 75001-0489 | **Jeffrey S. Lynch**<br>Attorney At Law<br>Board Certified, Civil Trial and Personal Injury Trial Law<br>Texas Board of Legal Specialization | 972.991.0000 Telephone<br>972.991.0006 Facsimile<br><br>www.lynchlawfirm.net<br>lynch@lynchlawfirm.net |

February 27, 2017

**VIA E-MAIL mark.vanderbroek@nelsonrnullins.com**
**VIA FACSIMILE – (404) 322-6650**
Mark S. VanderBroek
Nelson Mullins Riley & Scarborough LLP
Attorneys and Counselors at Law
Atlantic Station
201 17th Street NW
Suite 1700
Atlanta, Georgia  30363

     Re:  Cease and Desist Letter dated January 23, 2017

Dear Mr. VanderBroek:

     I represent Exclusive Legal Marketing, Inc. ("ELMI"), and in that capacity, I have been requested by ELMI to respond to the "cease and desist letter" ("letter") sent to them.

     I do not represent Scott Monge or Monge & Associates, and I can confirm that Scott Monge or Monge & Associates have no ownership interest in or operational involvement with ELMI.

     The first impression created by your letter is that the facts that might be the basis of a claim against ELMI are conspicuously absent.  Your client seems to assume that ELMI has infringed on the "Montlick & Associates" and/or "Montlick" trademarks by using that mark as a keyword for "pay-per-click" ads on Google's search engine.  But, you do not identify any ELMI advertisement that references "Montlick & Associates" or "Montlick".

     The overwhelming number of Courts that have decided the cases involving the so-called use of a mark as a keyword for "pay-per-click" ads on Google's search engine as a trademark infringement have not found in favor of the owner of the trademark such as your client.



Page 2

On behalf of your client you have not even provided a scintilla of evidence that ELMI has used the terms "Montlick" and/or "Montlick & Associates" in any advertisement accessible to or by the public. Consequently, there is simply no basis to state, assume or to even presume that there is any confusion that a person or client clicking on an ad for www.personalinjurycare.net would somehow believe that it is your client's website. Cases that have been presented to Courts and juries on this type of theory and possibility alone have not succeeded, and will not succeed here.

If there is any confusion about "Montlick" and/or "Montlick & Associates" it is most likely the result of your client's own Google AdWords program and its efforts to use Google AdWords to be pulled up when its competitors' marks are being searched by the public and/or its clients, such as the case where Montlick & Associates name appears as part of a Google Adwords advertising program when the Morgan & Morgan Law Firm is searched on the internet. See attached screen shot attached hereto.

Consequently, ELMI has interpreted your letter as nothing more than speculative assertion, and even if somehow true, would fail to describe a colorable claim for trademark infringement or a basis for extraordinary relief such as a Temporary Restraining Order of Temporary Injunction.

As an initial matter, trademarks do not provide their owners with an absolute right to preclude others from referencing the trademark. Rather, trademark rights protect against consumer confusion about the source of goods and services. If consumers do not experience confusion about the relationship of vendors in the marketplace, the trademark owner has not been harmed. Consumers do not experience any confusion about the relationship between advertisers and trademark owners when search results page displays advertisements triggered by a trademark. *See College Network, Inc. v. Moore Educ. Publishers, Inc.*, 378 Fed. App'x 403 (5th Cir. 2010); *Consumerinfo.com., Inc. v. One Techs., LP*, No. CV-09-3783-VBF (MANx) (C.D. Cal. Jan. 12, 2011); *Fair Isaac Corp. v. Experian Info. Solutions Inc.*, Civil No. 06-4112 ADM/JSM, 2009 WL 4263699 (D. Minn. 2009).

In absence of using the "Montlick & Associates" and/or "Montlick" as a keyword in an advertisement, you fail to explain how the directory website ad referenced in your



Page 3

letter is likely to cause any consumer confusion. As you may know, the lack of consumer confusion is dispositive. *See, e.g., Westchester Media v. PRL USA Holdings, Inc.*, 214 F.3d 658, 663 n. 1 (5th Cir. 2000); *Dallas Cowboys Football Club, Ltd. v. Am.'s Team Properties, Inc.*, 616 F. Supp. 2d 622, 634 (N.D. Tex. 2009).

Here, given the context in which the directory website ad appears, there can be no consumer confusion.[1] ***First***, as noted earlier, the purported advertisement attached to your letter makes no reference to "Montlick & Associates" or any other mark allegedly held by your firm. To the contrary, the advertisement is clearly labeled as an "ad," identifies the "personalinjurycare.net" website, and provides other basic information, including "Find the Right Lawyer"—none of which states or suggests a connection to you or your law firm. ***Second***, the purported ad appears in the sponsored ad section of the Google Page, immediately below the sponsored ad for your firm. ***Third***, the purported ad attached to your letter is sandwiched between your sponsored ad (which is clearly labeled and identifies your firm) and your firm's website (also clearly labeled)—leaving little room for any mistaken belief that the disputed ad is somehow associated with "Montlick & Associates" or "Montlick". Because the purported ad does not reference or pertain to "Montlick & Associates", there is no basis to conclude that the disputed ad is likely to generate any marketplace confusion. Indeed, when consumers search the internet for a trademark they do not expect to find only products and services bearing that trademark name—they expect to discover other products and services on the search results page.

---

[1] Courts have considered the following factors to be the most relevant to a likelihood of confusion analysis involving keyword advertising: "(1) the strength of the [asserted] mark; (2) the evidence of actual confusion; (3) the type of goods and degree of care likely to be exercised by the purchaser; and (4) the labeling and appearance of the advertisements and the surrounding context on the screen displaying the results page." *Network Automation, Inc. v. Advanced Systems Concepts, Inc.*, 638 F.3d 1137, 1153-54 (9th Cir. 2011) (quoting *Hearts on Fire Co. v. Blue Nile, Inc.*, 603 F. Supp. 2d 274, 289 (D. Mass 2009)). Thus, "[i]n the keyword advertising context the 'likelihood of confusion will ultimately turn on what the consumer saw on the screen and reasonably believed, given the context." *Id.*



Page 4

In short, your letter fails to identify any infringing activity by ELMI and does not set forth any viable trademark infringement claim against ELMI.

In response an advisory opinion, the Professional Ethics Committee for the State Bar of Texas rejected the very position you disingenuously seek to assert against my client, stating:

> In the opinion of this Committee, the use of a competitor's name as a keyword in **the factual circumstances here considered would not in normal circumstances violate either Rule 7.0l(d) or Rule 7.02(a). The advertisement that results from the use of Lawyer B's name does not state that Lawyer A and Lawyer B are partners, shareholders, or associates of each other.** Moreover, since a person familiar enough with the internet to use a search engine to seek a lawyer should be aware that there are advertisements presented on web page showing search results, it appears highly unlikely that a reasonable person using an internet search engine would be misled into thinking that every search result indicates that a lawyer shown in the list of search results has some type of relationship with the lawyer whose name was used in the search.

I am confident that ELMI has fully addressed your concerns. If you have additional information you would like to share with ELMI with respect to this matter, please forward it to me as ELMI remains open to further communications.

Nothing herein shall be deemed to constitute a waiver by ELMI of any of its rights, remedies or defenses at law or in equity, all of which are reserved without limitation.



**THE LYNCH LAW FIRM**

Page 5

If you should have any questions, please do not hesitate to contact me and I remain with kind regards

Yours very truly,

Jeffrey S. Lynch

JSL:elh
Encl a/s
cc:    client