**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| MONTLICK & ASSOCIATES, PC, ) | |
| ) | |
| Plaintiff, ) | Civil Action 1-17-cv-01355-AT |
| ) | |
| v. ) | Jury Trial Demanded |
| ) | |
| EXCLUSIVE LEGAL MARKETING, ) | |
| INC., and CODY BRYANT ) | |
| ) | |
| Defendants. ) | |
| ) | |

**DEFENDANTS' BRIEF IN OPPOSITION TO MONTLICK'S
MOTION FOR SANCTIONS**

Montlick's shameful and disrespectful motion should be denied out-of-hand, *inter alia*, because:

- Montlick does not even bother to file a brief[1]. Montlick ignores the rules of the Court.

- Montlick is the party here that has importuned the Court with its aberrational theory of "initial interest confusion" – a backwards, contra-logical[2] and discredited theory, that therefore is not recognized by the courts within the 11th Circuit. Montlick is simply wrong on the law.

---

[1] Montlick also did not file a motion for a preliminary injunction. Thus, does Montlick reveal its plan of attrition to make this litigation -- against Montlick's much smaller opponent -- as lengthy and as expensive as possible.

[2] Indeed, this theory that Montlick espouses to the Court is itself an oxymoron. By definition, the words "initial interest" are antithetical to the concept of "confusion". Specifically, asking a question and receiving a truthful answer is not "confusion". "Confusion" is defined as purchasing from one source believing it to be another. *Sovereign Military Order v. Knights Hospitallers*, 809 F. 3d 1171, 1190 11th Cir.

1

- Montlick is the party here that has lectured the Court on what the Court can (and supposedly) cannot consider in a Rule 12 (b)(6) motion. Again, Montlick is wrong on the law.

- Montlick is the party here that importunes the Court with the argument that any sentient being would (or could) believe that an ad that asks whether "Montlick is the right lawyer for you?" would somehow come -- <u>from Montlick</u>! Whereby, Montlick ignores logic, the accepted meaning of words in the English language, and common sense.

- Montlick is the party here that argues the absurdity that persons of normal intelligence -- upon reading a proposed Engagement Agreement that prominently states (a half-dozen times) that the law firm offering legal representation is "Monge & Associates" -- would somehow think that they would be dealing with Montlick. Montlick insultingly ignores the consumer's ability to read and understand.

- Montlick -- in a yet further insult to both (i) injured persons, and (ii) users of the Internet everywhere -- is the party that argues that a Google keyword ad that is (a) duly positioned <u>above</u> the organic search results, and (b)<u> in a different color font,</u> is supposedly "deceptive". Montlick ignores the well-known custom and usage of the industry and those who use the Internet.

- Montlick complains that Monge uses agents (**who do not pretend** to be lawyers) to take telephone calls -- while Montlick itself has for years used non-lawyer "pitch-agents" **who do blatantly pretend** to be lawyers. Montlick ignores its own practice.

---

2015), citing *Sun Banks of Fla., Inc. v. Sun Fed. Sav. & Loan Ass'n*, 651 F.2d 311, 319 (5th Cir. July 1981) (discounting an inquiry about whether Sun Banks and Sun Federal were related because "there is no indication that the inquiry was made by a potential customer concerning the transaction of business")

## **Conclusions**

Montlick -- with all of its money, muscle and might – does not like competition, or freedom of consumer choice. Montlick's anti-competitive tool is to file lawsuits to seek to prevent smaller law firm competitors from lawfully using the less-expensive vehicle of an agent to qualify potential clients.

As for Montlick's diversionary argument that the Defendants are somehow seeking to "delay discovery", it is to be noted that Montlick (i) has not stated what discovery, if any, it supposedly requires[3]; and (ii) has not asked for any form of early or expedited discovery, whether under Rule 26(d)(1) FRCP, or Rule 56(d) FRCP, or otherwise[4].   Moreover, no amount of "discovery" could fill-in the fatal gaps in Montlick's specious theory of the case, as exemplified in Montlick's flawed pleading.

Wherefore, Montlick's Rule 11 motion is without merit[5], and thus should be denied.

---

[3] Manifestly, the attacked ads speak for themselves.

[4] It is telling that it is the Defendants who have very quickly submitted their briefs to the Court – but, it is Montlick which has consistently taken as much intervening briefing-time as the rules will allow. The Defendants seek to end this untoward lawsuit now. Montlick seeks to drag it out.

[5] Defendants do not bring a cross-motion for sanctions, at this time -- because Defendants prefer to litigate on the merits, rather than to squander the judicial resource by provoking costly, delaying satellite litigation, which is Montlick's transparent game-plan here.

Respectfully submitted this 3rd day of July, 2017,

*/s/ Robert M. Ward*
Robert M. Ward
(Georgia Bar No. 775401)
BMWipLAW, LLC
3455 Peachtree Road NE,
Floor 5
Atlanta, GA 30326
Ph: (404) 606-6480
Email: rward@bmiplaw.com

*Attorney for Defendants*

### LOCAL RULE 7.1(D) CERTIFICATION

The undersigned counsel for Defendants hereby certifies that the foregoing has been prepared with one of the font (Times New Roman) and point selections (14 pt) approved by the Court in Local Rule 5.1(B) and (C).

*/s/ Robert M. Ward*

### CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing was filed on the date set forth hereon electronically via CM/ECF in the United States District Court for the District of Georgia, with notice and copy of same being electronically served by the Court upon all counsel of record.

*/s/ Robert M. Ward*