IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MONTLICK & ASSOCIATES, PC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE NO. |
| | ) | 1:17-cv-01355-AT |
| EXCLUSIVE LEGAL MARKETING, | ) | |
| INC., and CODY BRYANT (aka | ) | |
| COETY BRYANT), | ) | |
| | ) | |
| Defendants. | ) | |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

1.     Description of Case:

(a)     Describe briefly the nature of this action.

*This is an action by Plaintiff Montlick & Associates, PC ("Montlick") against Defendants Exclusive Legal Marketing, Inc. ("ELM") and Cody Bryant ("Bryant"), for trademark infringement, false advertising, deceptive trade practices, and unfair competition.*

(b)     Summarize, in the space provided below, the facts of this case.  The summary should not be argumentative nor recite evidence.

**Plaintiff's Summary:**

Plaintiff contends that Defendants are (or at least were) engaged in a deceptive and misleading "bait and switch" scheme intended to misleadingly divert potential clients searching for Montlick (and other personal injury firms) to ELM's call center, and to confuse and deceive them into retaining another Georgia personal injury firm to whom ELM referred cases for a fee. As part of this scheme, Plaintiff contends that ELM (1) misappropriated Montlick's goodwill by bidding on and purchasing Montlick's trademarks as Google search engine advertising keywords, and using them to (2) trigger misleading ELM online ads which appeared in search results when potential clients searched for Montlick on their smart phones, which ads either falsely suggested that they were from an unidentified Georgia personal injury firm like Montlick, or on certain occasions included the "Montlick & Associates" trademark in the content of the ad so as to expressly misrepresent that they were from Montlick, with the intent and effect of (3) confusing the potential clients searching for Montlick into clicking on the one-touch call button in the ad, which would divert the caller to ELM's call center, where (4) ELM's intake person would answer with a generic greeting like "personal injury office," and proceed to get information about the caller's accident and injury, after which they would (5) refer the case to another Atlanta-based personal injury firm, Monge & Associates,

*and send the caller a text message or email attaching a client contract which did not*

*identify the firm name in any conspicuous manner, and which the caller was directed*

*to sign electronically by clicking on highlighted areas.*

**Defendants' Summary:**

*Defendants deny and dispute Montlick's characterization of the alleged facts*
*and deny Montlick's allegations of illegal acts.*

*Google Ads are competitive advertisements that are disposed (i) directly*
*above or to the side of the organic results of a Google search for any designated*
*search term, and (ii) in a different font and color. The competitive purpose of the*
*Google Ad process is to provide freedom of choice to the Public. A competitor's*
*purchase and use of Google Ads: (a) is well-known to the public; (b) is standard in*
*nearly every industry; and (c) is widely used by lawyers, in particular.*

*The particular Google ad accused by Montlick & Associates herein asks the*
*searcher the question: "Montlick & Associates - Right Lawyer For You?".*
*Thereafter, the post-advertising materials provided to a potential seeker of legal*
*services state (in a multiplicity of places) that the law firm that had sponsored this*
*paid Google Ad is "Monge & Associates".*

    (c)    The legal issues to be tried are as follows:

1)     *Whether Defendants' conduct constitutes infringement of Montlick's federally registered MONTLICK Marks, in violation of Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a).*

2)     *Whether Defendants' conduct amounts to unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).*

3)     *Whether Defendants' conduct amounts to false, deceptive, and misleading advertising in violation of 15 U.S.C. § 1125(a).*

4)     *Whether Defendants'conduct constitutes unfair and deceptive trade practices in violation of O.C.G.A. § 10-1-373.*

5)     *Whether Defendants' conduct also constitutes acts of unfair competition in violation of the common law of the State of Georgia.*

6)     *Whether and to what extent Montlick is entitled to an injunction against Defendants' conduct.*

7)     *Whether Montlick is entitled to recover from Defendants ELM's profits from its improper conduct, pursuant to 15 U.S.C. § 1117, and the amount of any such profits.*

8)     *Whether Montlick is entitled to recover punitive damages, and if so, in what amount.*

9)     *Whether Montlick is entitled to recover its attorneys' fees.*


(d)     The cases listed below (include both style and action number) are:

(1)     Pending Related Cases:

*None.*

(2)     Previously Adjudicated Related Cases:

*None.*

4

2.     This case is complex because it possesses one or more of the features listed

below (please check):

     *Not applicable.*

     _____ (1)     Unusually large number of parties

     _____ (2)     Unusually large number of claims or defenses

     _____ (3)     Factual issues are exceptionally complex

     _____ (4)     Greater than normal volume of evidence

     _____ (5)     Extended discovery period is needed

     _____ (6)     Problems locating or preserving evidence

     _____ (7)     Pending parallel investigations or action by government

     _____ (8)     Multiple use of experts

     _____ (9)     Need for discovery outside United States boundaries

     _____ (10)   Existence of highly technical issues and proof

     _____ (11)   Unusually   complex   discovery   of   electronically   stored
                   information

3.     Counsel:

     The following individually-named attorneys are hereby designated as lead

counsel for the parties:

          Plaintiff:     Mark S. VanderBroek
                         Lucas A. Westby
                         Atlantic Station / 201 17th Street, NW / Suite 1700
                         Atlanta, GA 30363
                         (404) 322-6000 (phone)

(404) 322-6050 (facsimile)
E-Mail: mark.vanderbroek@nelsonmullins.com
E-Mail: lucas.westby@nelsonmullins.com

Defendant:   Robert M. Ward
BMWIPLAW, LLC
3455 Peachtree Road NE / Floor 5
Atlanta, GA 30326
rward@bmiplaw.com

4.   Jurisdiction:

Is there any question regarding this Court's jurisdiction?

_____ Yes          _X_ No

If "yes", please attach a statement, not to exceed one page, explaining the jurisdictional objection.  When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based.  Each objection should be supported by authority.

5.   Parties to This Action:

(a)   The following persons are necessary parties who have not been joined:

*None.*

(b)   The following persons are improperly joined as parties:

*None.*

(c)   The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

*Not applicable.*

(d)    The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

6.    Amendments to the Pleadings:

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15.  Further instructions regarding amendments are contained in LR 15.

(a)    List separately any amendments to the pleadings which the parties anticipate will be necessary:

*Montlick anticipates filing an amended complaint to account for certain changes in ELM's process and practices that occurred after the Complaint was filed, and which may also seek to add Monge & Associates as a defendant, but wishes to conduct certain additional discovery before amending the Complaint.  Defendants are agreeable to this.*

(b)    Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

*The parties consent and agree that Plaintiff shall have up to 75 days after the Joint Preliminary Report and Discovery Plan is entered by the Court to file an Amended Complaint.*

7.     Filing Times For Motions:

All motions should be filed as soon as possible.  The local rules set specific filing limits for some motions.  These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the Court to file later.  Local Rule 7.1A(2).

(a)     *Motions to Compel*:  before the close of discovery or within the extension period allowed in some instances.  Local Rule 37.1.

(b)     *Summary Judgment Motions*:  within thirty days after the close of discovery, unless otherwise permitted by Court order.  Local Rule 56.1

(c)     *Other Limited Motions*:  Refer to LRs 7.2A, 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d)     *Motions Objecting to Expert Testimony*: Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted.  Refer to Local Rule 7.2F.

8

8.      Initial Disclosures:

The parties are required to serve initial disclosures in accordance with Fed. R.

Civ.  P. 26.  If any party objects that initial disclosures are not appropriate, state the

party and basis for the party's objection.

*The parties agree to serve initial disclosures no later than December 22, 2017.*

9.      Request for Scheduling Conference:

Does any party request a scheduling conference with the Court? If so, please

state the issues which could be addressed and the position of each party.

*Not at this time.*

10.     Discovery Period:

The discovery period commences thirty days after the appearance of the first

defendant by answer to the complaint.  As stated in LR 26.2A, responses to initiated

discovery must be completed before expiration of the assigned discovery period.

*The parties consent and agree that the discovery period in this case will*

*commence upon the Court's approval of the Joint Preliminary Report and Discovery*

*Plan.*

Cases in this Court are assigned to one of the following three discovery tracks:

(a) zero month discovery period, (b) four months discovery period, and (c) eight

months discovery period.  A chart showing the assignment of cases to a discovery

track by filing category is contained in Appendix F.  The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

(1) *Plaintiff's claims, Defendant's defenses, and damages.*

(2) *Non-party and expert discovery regarding the claims and defenses, and the impact of Defendants' conduct.*

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or limited or focused upon particular issues, please state those reasons in detail below:

T*he parties anticipate needing additional time to complete discovery beyond the standard four month track, due to the potential volume of electronic discovery, the need for non-party discovery, and the upcoming holidays.  Accordingly, the Parties consent and agree to an eight month discovery period.*

11.    Discovery Limitation and Discovery of Electronically Stored Information:

(a)    What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed:

10

*None.*

(b)     Is any party seeking discovery of electronically stored information?

  X  Yes            _____ No

If "yes,"

(1)     The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

*The parties agree to exchange discovery electronically and will provide documents in native format and/or as searchable .tif or .pdf files, unless circumstances discovered require a different format for production.  The parties agree to discuss any issues amongst themselves prior to involving the Court, if necessary.*

(2)     The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

*The parties agree to exchange discovery electronically and will provide documents in native format and/or as searchable .tif or .pdf files, unless*

*circumstances discovered require a different format for production.  The parties agree to discuss any issues amongst themselves prior to involving the Court, if necessary.*

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

12.  Other Orders:

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

*The parties anticipate filing a consent protective order to cover the production of certain financial records and other confidential documents.*

13.  Settlement Potential.

(a)  Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference on November 15, 2017, and that they participated in settlement discussions.  Other persons who participated in the settlement discussions are listed according to party.

Plaintiff:  **Mark S. VanderBroek**

Defendant:  **Robert M. Ward**

(b)     All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(_____)          A possibility of settlement before discovery.
(  X  )          A possibility of settlement after discovery.
(_____)          A possibility of settlement, but a conference with the judge is needed.
(_____)          No possibility of settlement.

(c)     Counsel ( X ) do or (___) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.  The proposed date of the next settlement conference is _____**TBD**_____, **2017**.

The following specific problems have created a hindrance to settlement of this case.

*Not applicable.*

14.    Trial by Magistrate Judge:

Note:  Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a)     The parties (__) do consent to having this case tried before a magistrate judge of this Court.  A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day _____ of 2017.

(b)     The parties ( X ) do not consent to having this case tried before a magistrate judge of this Court.

13

Respectfully submitted this 20th day of November, 2017.

s/ *Mark S. VanderBroek*
Mark S. VanderBroek
Georgia Bar No. 724440
Lucas A. Westby
Georgia Bar No. 594008
NELSON MULLINS RILEY &
SCARBOROUGH LLP
Atlantic Station / 201 17th Street, NW /
Suite 1700
Atlanta, GA 30363
(404) 322-6000 (phone)
(404) 322-6050 (facsimile)
E-Mail:
mark.vanderbroek@nelsonmullins.com
E-Mail:
lucas.westby@nelsonmullins.com
Attorneys for Plaintiff Montlick &
Associates, PC

s/ *Robert M. Ward*
Robert M. Ward (*with express permission*)
BMWIPLAW, LLC
3455 Peachtree Road NE / Floor 5
Atlanta, GA 30326
(404) 606-6480
rward@bmiplaw.com

Attorney for Defendants

14

\*\*\*\*\*\*\*\*\*\*\*\*\*

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

1. *Defendants' deadline to answer will be extended to December 22, 2017.*

2. *Initial disclosures will be served no later than December 22, 2017.*

3. *Plaintiff shall have up to 75 days from the entry of this Joint Preliminary Report and Discovery Plan to file an Amended Complaint.*

4. *The discovery period will commence upon entry of this Joint Preliminary Report and Discovery Plan, and will continue for a period of eight months.*

IT IS SO ORDERED, this _____ day of _____, 2017.

_____
Judge Amy Totenberg
United States District Court, Northern District of Georgia

15